IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BELDEN CANADA ULC,

   Plaintiff,

  v.

COMMSCOPE, INC., COMMSCOPE, INC.
OF NORTH CAROLINA, and
COMMSCOPE TECHNOLOGIES,

   Defendants.

Civil Action No. 22-782-RGA

<u>MEMORANDUM ORDER</u>

  Before me is Plaintiff's Rule 53(f) objection (D.I. 207) to the Special Master's opinion (D.I. 197) granting Defendants' motion for leave to add a prior art reference (D.I. 194). For the reasons that follow, Plaintiff's objection is DENIED, the Special Master's opinion is ADOPTED, and Defendants' motion for leave to add a prior art reference is GRANTED.

  I review findings of fact and conclusions of law made by the Special Master *de novo*. Fed. R. Civ. P. 53(f)(3)–(4).

  Here is the relevant background.

  Plaintiff filed a motion to strike certain portions of Defendants' opening expert report on invalidity of the asserted patent ("the '547 patent") related to the Arnett reference as being in violation of the case scheduling order. (D.I. 189). The Special Master granted Plaintiff's motion (D.I. 193, D.I. 196), with the following caveat:

> I do, however, have some concerns that once this issue was raised [P]laintiff has not been clear or forthcoming with the [D]efendants or myself on its intentions with regard to the priority date, and for that reason should [P]laintiff change its position on the priority date in its rebuttal report and assert anything other than December

1

2, 1998 as the priority date, I grant leave for [D]efendants to come back to me seeking leave to re-add the stricken Arnett paragraphs to their expert report.

(D.I. 193 at 15:15–16:3). December 2, 1998 is the filing date of the provisional patent application to which the '547 patent claims priority. (D.I. 207 at 3). The Arnett reference is dated June 25, 1999. (D.I. 207 at 5). The filing date of the application that became the '547 patent is December 2, 1999. (D.I. 197 at 3).

Plaintiff's expert Dr. Eldering served a report on invalidity responding to Defendant's expert Dr. Lebby's opening report on the same. (*Id.* at 2). Per the Special Master's order, Dr. Lebby's report had been revised to omit all paragraphs related to the Arnett reference. (*Id.*). As accurately characterized by the Special Master, Dr. Eldering's report provides two opinions: "(1) the 1998 []Provisional Application provides the required written description and (2) alternatively, should written description support not be found in the 1998 application, there is sufficient support in the 1999 Non-Provisional [Application]." (*Id.* at 3) (citing D.I. 211 at 496–501, 501–504 of 515).

Defendants and the Special Master take issue with the Dr. Eldering's latter argument. In short, "Defendants dropped their reliance on Arnett based on Plaintiff's representations concerning the priority date being December 1998." (*Id.* at 4). The Special Master's summary of the problem is apt:

The effect of [Dr. Eldering's] alternative argument is that should the factfinder agree with Defendants that any or all of the asserted claims do not find written description support in the 1998 Provisional Application, then the 1999 Non-Provisional becomes the effective date for determining the applicability of a prior art reference as to those claims where no written description support was found. At that point, while the '547 Patent is not invalid, the Arnett Reference (assuming it is part of the case) [becomes relevant to the validity of] those claims not entitled to the 1998 priority date.

2

(*Id.* at 7). "Had Plaintiff been more clear with its written description contention," the Special Master writes, "Defendants may have selected the Arnett Reference as one of their permitted six prior art references because it is prior art to the 1999 Non-Provisional Application (which it does not appear that Plaintiff disputes)." (*Id.*). I agree with the Special Master that if the provisional application lacks written description for any of the asserted claims, making the date of the non-provisional application the proper priority date for those claims, then the exclusion of the Arnett reference becomes highly prejudicial to Defendants. (*Id.* at 7).

Plaintiff argues two points.

First, Plaintiff argues that it has not "change[d] its position on the priority date" because it is not arguing in the alternative; instead, "the Special Master is conflating two different things— priority relevant to invalidity under Section 102/103, and a Section 112 written description defense." (D.I. 207 at 6). Plaintiff summarizes its stance as follows:

> For priority, which dictates what is and is not prior art, the test is applied to the 1998 provisional application to determine if the asserted claims are entitled to that filing date. For written description under Section 112, the test is applied to the 1999 non-provisional application (i.e., the specification of [the '547 patent]). As a result, when Plaintiff contends that the 1998 provisional supports the asserted claims it is talking about priority, and when Plaintiff contends that the 1999 non-provisional/specification supports the asserted claims it is talking about written description. These are not arguments in the alternative.

(*Id.* at 7).

I do not agree with Plaintiff's argument. Plaintiff cannot benefit from the provisional application's priority date if the provisional application does not disclose the invention. *See Robocast, Inc. v. Microsoft Corp.*, 2014 WL 202571, at *2 (D. Del. Jan. 16, 2014) (citing *Lucent Techs. v. Gateway*, 543 F.3d 710, 718 (Fed. Cir. 2008)). Therefore, in arguing that the '547 patent is entitled to the priority date of the provisional application, Plaintiff necessarily argues that the provisional application provides written description. Dr. Eldering's report says as much: "Belden

3

is entitled to the December 2, 1998 priority date for the asserted claims because the asserted claims find written description support in the Provisional Application." (D.I. 211 at 502 of 515). At the same time, Plaintiff argues that the non-provisional application provides written description. But that argument is redundant—under Plaintiff's view, the provisional application already provides written description. Otherwise, it could not provide a priority date. Plaintiff's resort to the non-provisional application is only useful if its written description argument for the provisional application fails. In other words, Plaintiff argues in the alternative.

Even if Plaintiff is correct that its argument has not changed, its argument is vague enough that Defendants can hardly be characterized as "t[aking] a second bite at the apple" (D.I. 207 at 5), rather than acting in reliance on a reasonable interpretation of Plaintiff's position. Plaintiff concedes that its counsel has described its position differently from one hearing to the next. (*Id.* at 6 n.1). Defendants cannot be blamed for understanding Plaintiff to be arguing in the alternative when Plaintiff's counsel characterized its argument the same way.

Second, Plaintiff argues that Arnett's reintroduction would constitute unfair prejudice, because, with Arnett still in the case, Plaintiff would have pursued additional discovery to swear behind it. (*Id.* at 8). The Special Master did not credit this argument, in part because "Plaintiff should have investigated [the] existence or location [of invention records] at the initial stages of discovery[,] understanding that the priority date could be an issue in the case." (D.I. 197 at 8). I agree with the Special Master's conclusion, and note that, for the reasons above, any prejudice related to lack of discovery would not be unfair and would be outweighed by the prejudice to

Defendants of excluding Arnett. I therefore find neither of Plaintiff's arguments persuasive.

IT IS SO ORDERED.

Entered this 28th day of July, 2025

United States District Judge