IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BELDEN CANADA ULC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. 22-782-RGA |
| | ) | |
| COMMSCOPE, INC., COMMSCOPE, INC. | ) | |
| OF NORTH CAROLINA, and COMMSCOPE | ) | |
| TECHNOLOGIES LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF DOUGLAS J. NASH IN SUPPORT OF BELDEN'S
MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

I, Douglas J. Nash, declare as follows:

1. I am an attorney with the law firm of Barclay Damon LLP, and lead counsel for Plaintiff Belden Canada ULC ("Belden") in this action. I make this declaration upon personal information in support of Belden's motion under Federal Rule of Appellate Procedure 4(a)(5)(A) for an extension of time to file a notice of appeal.

2. On October 14, 2025, Final Judgment was entered in this case against Belden and in favor of CommScope. (D.I. 323.)

3. The next day, I calculated the deadline for Belden to file a notice of appeal as November 13, 2025. Belden had determined that any appeal of this case would be handled by the law firm Finnegan, Henderson, Farabow, Garrett & Dunner, LLP ("Finnegan"), so that date was confirmed with Finnegan that same day.

4. I did not calendar the deadline, and because I was the person working with Belden and Finnegan on a potential appeal, no one else at my firm calendared it. In addition, while I understood that, as lead counsel in the case before this Court, I ultimately would be responsible for filing a notice of appeal, I thought that Finnegan, as appellate counsel, was going to draft the

notice and that it would circulate a draft in advance of the deadline. As a result, I put the matter out of my mind. Inadvertently not calendaring the deadline meant that I did not receive a reminder from my calendaring system as the deadline approached and no draft was circulated.

5. I first realized that the deadline had passed at around 6:00 pm on Monday, October 17, 2025. I immediately informed Belden, researched its options under the applicable rules and case law, and started to prepare this declaration.

6. I understand in the Third Circuit the standard for "excusable neglect" under Federal Rule of Appellate Procedure 4(a)(5)(A)(ii) includes consideration of at least the following factors: (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure; (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence; (4) whether the inadvertence reflects a complete lack of diligence; or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance. *See Consolidated Freightways Corp. of Del. v. Larson*, 827 F.2d 916, 919 (3d Cir. 1987).

7. As to the first factor. I was not ignorant of the rules of procedure. I calculated the correct deadline under the rules the morning after Final Judgment had entered. I just inadvertently failed to calendar that deadline.

8. As to the second factor, the Court can verify everything I am saying in this declaration about what happened. There is an email thread between me, Belden, and Finnegan dated October 15, 2025, a copy of which can be submitted to the Court for *in camera* review upon request.

9. As I understand it, the third factor typically relates to a lawyer blaming a vacation or something else that could have been planned around for a delay. That is not the case here. The

delay was caused by me inadvertently not calendaring the deadline and my mistaken belief that Finnegan was drafting the notice.

10. As to the fourth factor, I diligently calculated the deadline the morning after Final Judgment had entered. I just did not calendar it. That was an honest mistake, but it was not a lack of diligence.

11. As to the fifth factor, I certainly understand that my execution here leaves a lot to be desired. But, in good faith, I immediately calculated the deadline and was operating under the belief that Finnegan was drafting the notice. As soon as I recognized that the deadline had been missed, I took steps, including drafting this declaration, to try to address the matter so that Belden's appeal rights are not prejudiced.

12. I further understand that some courts in the Third Circuit have formulated the relevant factors differently. Specifically, factors to consider also include: (a) the danger of prejudice to the nonmovant; (b) the length of the delay and its potential impact on judicial proceedings; (c) the reason for the delay, including whether it was within the reasonable control of the movant; and (d) whether the movant acted in good faith. *See In re Diet Drugs Product Liability Litigation*, 401 F.3d 143, 153-54 (3d Cir. 2005).

13. I think I have addressed factors (c) and (d) above. As for factor (a), I am not aware of any prejudice to the defendants beyond the fact that an appeal that everyone expected to happen will move forward. In fact, the parties drafted the Final Judgment with the goal of it being appealable. With respect to factor (b), I realized the deadline had been missed two business days after it passed. Belden immediately started to prepare a motion for an extension, and I immediately started to draft this declaration.

14. As a final matter, there is an additional issue that I wish to bring to the Court's attention as it considers Belden's motion. And I would like the Court to know that I had to be

3

convinced by my law partners to include it in this declaration and I remain very reluctant to do so because it is of a highly personal nature. In reflecting upon what happened and why, I have had to admit to myself that I have been distracted more than I thought by having to help with the care of my parents, both of whom are critically ill and living on their own. I would like to avoid having to get into the details, but suffice to say, it has been a very difficult time, and it clearly has impacted me professionally in ways I had not fully recognized. If the Court would like additional information about this sensitive subject, I can provide it for *in camera* review.

15. I am embarrassed by what occurred, but firmly believe that my actions, or inactions in this case, are the type of "excusable neglect" contemplated by the rules. I respectfully request that the Court permit Belden to file a late notice of appeal.

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 18, 2025.

_____
Douglas J. Nash

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 18, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

| | |
|---|---|
| Kelly E. Farnan | Timothy A. Lindquist |
| Sara M. Metzler | Dennis C. Bremer |
| Richards Layton & Finger, P.A. | Philip P. Caspers |
| One Rodney Square | Tara C. Norgard |
| 920 North King Street | William F. Bullard |
| Wilmington, DE 19801 | Katherine Chen |
| farnan@rlf.com | Mitchell R. Williams |
| metzler@rlf.com | Carlson, Caspers, Vandenburgh |
| | & Lindquist, P.A. |
| | 225 South Sixth Street, Suite 4200 |
| | Minneapolis, MN 55402 |
| | tlindquist@carlsoncaspers.com |
| | dbremer@carlsoncaspers.com |
| | pcaspers@carlsoncaspers.com |
| | tnorgard@carlsoncaspers.com |
| | wbullard@carlsoncaspers.com |
| | kchen@carlsoncaspers.com |
| | mwilliams@carlsoncaspers.com |
| | CommScope_Belden_CCVL@carlsoncaspers.com |

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Pilar G. Kraman*
Pilar G. Kraman (No. 5199)
Robert M. Vrana (No. 5666)
Alexis N. Stombaugh (No. 6702)
Jennifer P. Siew (No. 7114)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
rvrana@ycst.com
astombaugh@ycst.com
jsiew@ycst.com

*Attorneys for Belden Canada ULC*